# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LIGHTHOUSE POINT MARINA & YACHT CLUB, LLC, | : : : | |
| Plaintiff, | : | **OPINION** |
| v. | : : | Civ. No. 14-2974 (WHW)(CLW) |
| INTERNATIONAL MARINE UNDERWRITERS, | : : : | |
| Defendant. | : : : : | |

**Walls, Senior District Judge**

      Plaintiff alleges wind damage to its commercial property in Toms River, New Jersey during Superstorm Sandy, and brings this action to recover under an insurance policy issued by Defendant. *See* Compl., ECF No. 1-1; Declaration of Mark L. Antin ("Antin Decl.") ¶¶ 5-6, ECF No. 13-1. Defendant moves to dismiss on the grounds that Plaintiff refused to permit inspection of its property and therefore failed to comply with the Court-ordered Joint Discovery Plan, warranting dismissal under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). ECF No. 13. Defendant also points to the provision in the policy requiring the policyholder to permit the insurer to inspect the property to appraise the damage. ECF No. 13-1 Ex. A § E(3)(a)(6). The policy states that no legal action may proceed until there has been full compliance with the policy's terms. *Id.* § D. Defendant also suggests that the lawsuit is fraudulent, as its adjuster allegedly found no evidence of extensive wind damage to Plaintiff's property during an inspection related to an earlier claim by Plaintiff. Plaintiff has not responded to the motion.

Decided without oral argument under Fed. R. Civ. P. 78, Defendant's motion is granted. The Court will also issue an Order to Show Cause why it should not sanction Plaintiff and/or its counsel for bringing a meritless claim.

## Factual and Procedural Background

This is one of more than 250 lawsuits brought in New Jersey courts by Plaintiff's attorneys, a Texas firm working with local counsel, against insurers to recover for damage allegedly caused by Superstorm Sandy. The original complaints are nearly identical, including typos. *Compare, e.g.,* Compl. ¶ 4, ECF No. 1-1 *with Aquarian Condo Assoc. v. Scottsdale Ins. Co.*, 2:14-cv-02822-SDW-SCM, Compl. ¶ 4, ECF No. 1-2 (both filed on the same day, both stating, "[t]hrough it [sic] insurance policy, Plaintiff was objectively insured for the subject loss by Defendants [sic]"). Plaintiff's First Amended Complaint corrected the typos and stated the correct name and address of the insurer, but did not add any factual details. ECF No. 1-1. The amended complaint states the number of the policy that Defendant issued to Plaintiff, *id.* ¶ 4, and alleges that Defendant did not pay Plaintiff the benefit owed for "extreme external and internal damages, as well as other wind-related losses" to the property, but does not specify the value or nature of the damages. *Id.* ¶¶ 11-12. Plaintiff further argues that Defendant acted in bad faith by failing to conduct a reasonable investigation into the "denial or underpayment." *Id.* ¶ 14.

In response, Defendant asserts that it has already sufficiently compensated Plaintiff for its losses. Defendant issued a policy to Plaintiff for the period from July 18, 2012 through July 18, 2013. Antin Decl. ¶ 5, Ex. A. The storm hit on or about October 29, 2012. Compl. ¶ 4. On November 7, 2012, Plaintiff sent Defendant a Property Loss Notice alleging "wind damage to buildings." Antin Decl. ¶ 6, Ex. B. An adjuster inspected Plaintiff's property on December 4,

2012. Antin Decl. ¶ 7, Ex. C. The inspection report found wind damage to two fences, and "[n]o damage to any of the 4 buildings." *Id.* It valued the claim at $1,612.00, and recommended a payment of $612.00, after applying a $1,000 deductible. *Id.* Defense counsel's declaration asserts that Defendant paid Plaintiff $612.00, *id.* ¶ 8, though there is no evidence of this payment in the record. Notwithstanding this appraisal, in June of 2013, Plaintiff's counsel wrote Defendant demanding $540,000 to pay for the wind damage, and an additional $135,000 in attorney's fees. ECF No. 1-1, 22. Plaintiff filed a complaint in New Jersey Superior Court on October 23, 2013, filed an amended complaint on April 3, 2014, and Defendant removed the case to this Court. ECF No. 1.

The policy at issue requires that the insured allow the insurer to inspect the property "[a]s often as may be reasonably required." Antin Decl. ¶ 11, Ex. A. § E(3)(6). It also requires the insured to fully comply with its terms before commencing legal action. Antin Decl. ¶ 12 Ex. A (D)(1). Defendant made several requests to reinspect the property after receiving the demand letter from Plaintiff's counsel. Antin Decl. ¶¶ 13-16, Ex. D. Plaintiff never responded to these requests. *Id.* ¶ 15. The parties entered into a Joint Discovery Plan for this litigation, ordered by Magistrate Judge Waldor on July 28, 2014, under which Plaintiff was required to make the property available for inspection before August 15, 2014. ECF No. 8. When Plaintiff still did not allow an inspection, Defendant requested the Court's guidance, the Court held a conference call and instructed Plaintiff that any further avoidance of an inspection would put the case at risk of dismissal. Antin Decl. ¶¶ 19-20. Since then, Defendant has made frequent requests to reinspect the property, but Plaintiff has denied or ignored them. *Id.* ¶¶ 21-22.

Defendant moved to dismiss on September 11, 2014. ECF No. 13. Plaintiff has not responded, nor submitted any evidence to counter Defendant's assertions of fraud, Answer ¶ 27,

accord and satisfaction, *id.* ¶ 22, or failure to comply with contractual obligations. *Id.* ¶ 20, ECF No. 3.

## Standard for Dismissal under *Poulis*

Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A)(v), 41(b); *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Before a district court dismisses an action, to ensure "that a party still has her day in court," *Knoll*, 707 F.3d at 410, the court must consider the six factors adopted by the Third Circuit in *Poulis*, 747 F.2d at 868. *See Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (explaining "that each of the *Poulis* factors should be considered"). The six factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Knoll*, 707 F.3d at 409 n.2 (quoting *Poulis*, 727 F.2d at 868 (emphasis omitted)). Although a district court must make findings of fact as to each of the factors, "it is not necessary that all of the factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992).

## Discussion

### The *Poulis* Factors Weigh in Favor of Dismissal

**(1) Plaintiff is responsible for failing to allow an inspection.**

Plaintiff has refused to allow Defendant to inspect the supposedly damaged property, in violation of the insurance policy, ECF No. 13-1, Ex. A § E(3)(a)(6), and the Court-ordered Joint Discovery Plan. ECF No. 8. Defendant has made repeated requests, which Plaintiff has not honored. Antin Decl. ¶¶ 13-22, Exs. D and E.

**(2) Plaintiff's conduct has impeded Defendant from properly contesting this claim.**

As the claim centers on Defendant's failure to pay the full cost of the damage to Plaintiff's property, inspection of the alleged property damage is essential to Defendant's ability to defend the case.

**(3) Plaintiff has demonstrated a history of dilatoriness.**

Plaintiff's unwillingness to permit inspection predates the litigation and has been consistent throughout it. Defendant's adjuster attempted to arrange for a re-inspection of Plaintiff's property on no fewer than 10 occasions. Antin Decl. ¶¶ 13-14.

**(4) Plaintiff's conduct strongly suggests bad faith.**

Plaintiff has made no effort to contradict Defendant's allegation of fraud. Answer ¶ 27. An assessor noted $1,612 damage to fences and notices no damage to buildings. Plaintiff's counsel then claimed $540,000 worth of damage to the buildings, before filing a claim that is one of more than 250 similarly worded lawsuits. Plaintiff refused to permit a re-inspection and failed to respond to a motion alleging fraud. The facts raise a strong suspicion of bad faith.

**(5) Dismissal is superior to alternative sanctions.**

Since the filing of the action in New Jersey Superior Court, the record shows no activity by Plaintiff or its counsel in this matter apart from agreement to the Joint Discovery Plan and participation in a status conference on August 21, 2014. At that conference, the Court threatened Plaintiff with dismissal should it fail to abide by the terms of the Joint Discovery Plan. Antin

Decl. ¶ 20. Ordering dismissal without prejudice would enforce the Court's prior warning, and encourage necessary diligence before any refiling of the case.

**(6) Plaintiff's claim lacks merit, as it is currently barred by the policy.**

New Jersey courts have dismissed claims when the insured willfully refused to comply with the terms of the insurance policy. *See Selective Ins. Co. v. Mauro*, No. A-0513-04T5, 2005 WL 3691162, at *7 (N.J. Super. Ct. App. Div. 2006). In *DiFrancisco v. Chubb Ins. Co.*, 662 A.2d 1027 (N.J. Super. Ct. App. Div. 1995), the court upheld summary judgment granted to an insurer for the insured's failure to cooperate by not providing corporate books and records, as the information requested was "highly relevant" and the scope of the demand was "reasonable and specific." *Id.* at 1032. The court "consider[ed] [the insured]'s failure to produce the appropriate records as constituting a willful refusal to comply with the terms of his insurance contract." *Id.* at 1033. *See also Prudential Prop. & Cas. Ins. Co. v. Nardone,* 752 A.2d 859, 865 (Law Div. 2000) (holding that, "subject to ordinary standards of reasonableness and fairness," an insured is not entitled to coverage where the insurer has been prejudiced by non-cooperation).

Defendant has made a sufficient showing of Plaintiff's failure to comply with its obligations under the policy. The policy bars litigation if the policyholder fails to comply with the policy's terms, and among those terms is a requirement to allow an inspection of the property as often as is reasonably required. While Plaintiff allowed an initial inspection, it was not only reasonable for Defendant to ask to reinspect after Plaintiff made a claim for more than 300 times the original assessment, it was also required after the Court ordered the Joint Discovery Plan. Plaintiff has not allowed the inspection, after multiple requests and more than a year after sending a demand letter alleging six-figure damages. Because Plaintiff has stonewalled, the policy bars this action.

**Defendant's Request for Attorney's Fees Is Currently Unsupported**

Defendant has requested attorney's fees. Under the "American rule," parties are ordinarily responsible for their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). Thus, there is "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States,* 511 U.S. 809 (1994). Defendant does not present any statutory basis for an award, but suggests that the conduct of Plaintiff and its counsel "bespeaks fraudulent claims and sanctionable conduct." Def.'s Letter Br. 4, ECF No. 13-2. On its own, a court may order a party to show cause why its conduct has not violated Rule 11 and may, if it finds a violation, impose a sanction sufficient to deter repetition of the conduct, including monetary or nonmonetary sanctions. Fed. R. Civ. P. 11(c)(3). As Defendant presents some evidence that this is a meritless claim but does not specify under what rule or statute sanctions might be warranted, and Plaintiff has not contested the assertion that its conduct is sanctionable, the parties should be given further opportunity to be heard. To this end, the Court will issue an Order to Show Cause under Fed. R. Civ. P. 11(c)(3).

## Conclusion

Defendant's motion is granted, and the complaint is dismissed. In the accompanying Order, the Court directs Plaintiff and its counsel to show cause why the conduct described in this opinion has not violated Rule 11(b).

IT IS SO ORDERED:

DATE: November 13, 2014

William H. Walls, U.S.D.J.

_____
United States Senior District Judge